UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   **(In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion [Docket Nos. 15, 20]**

# I.
# PROCEDURAL BACKGROUND

On November 19, 2014, Leroy Willis ("Petitioner"), a California state prisoner proceeding pro se, filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.[1]  (ECF Docket No. ("dkt.") 1).  In the Petition, Petitioner challenges his conviction in Los Angeles County Superior Court for first-degree burglary, in violation of California Penal Code section 459.  Pet. at 2; Lodgment ("Lodg.") No. 1.[2]  Petitioner sets forth three grounds for habeas relief: (1) ineffective assistance of trial counsel ("Claim One"); (2) instructional error ("Claim Two"); and (3) prosecutorial misconduct ("Claim Three").  Id. at 22-29.

Claim One is comprised of the following seven sub-claims: (a) trial counsel failed to impeach Deputy Chavira regarding his inconsistent statement ("Sub-Claim 1(a)"); (b) trial counsel failed to impeach Kimberly Duran ("Duran") regarding her inconsistent statement ("Sub-Claim 1(b)"); (c) trial counsel failed to investigate or interview any of the prosecution witnesses, including the "first responding officer to arrive at the house" and/or Deputy Chavira ("Sub-Claim 1(c)"); (d) trial counsel failed to conduct a pretrial

---

[1]   The Court's paginated references to the Petition refer to the page numbers displayed at the top of each page on CM-ECF.

[2]   The Court's citations to Lodgments refer to the lodged documents filed in support of Respondent's Motion to Dismiss.  (Dkt. 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

investigation of Petitioner's psychiatric history and failed to present evidence concerning Petitioner's mental illness ("Sub-Claim 1(d)"); (e) trial counsel failed to investigate or interview Duran, specifically regarding whether Duran's house had previously been burglarized, and failed to present evidence concerning a prior burglary of Duran's house ("Sub-Claim 1(e)"); (f) trial counsel failed to object to the prosecutor's misstatement of the law regarding the proper use of "circumstantial evidence" ("Sub-Claim 1(f)"); and (g) trial counsel failed to object to the prosecutor's misstatement of the law regarding the "entry" requirement for a completed burglary ("Sub-Claim 1(g)").  See Pet. at 22-28.

On February 18, 2015, Respondent filed a Motion to Dismiss, contending all seven of Claim One's sub-claims are unexhausted. (Dkt. 15).  First, Respondent contends Sub-Claims 1(c) and (e) are unexhausted because they were never presented to the California Supreme Court.  Second, Respondent argues Sub-Claims 1(a), (b), (d), (f), and (g) are unexhausted because they were rejected by the California Supreme Court with citations to People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949).

On March 20, 2015, Petitioner filed a "Motion to Excuse the Procedural Default on Unexhausted Claims."[3]  (Dkt. 20).  The Court construes Petitioner's "Motion" as an Opposition to Respondent's Motion to Dismiss.

## II.
## DISCUSSION

### A.     The Exhaustion Requirement for Federal Habeas Petitions

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v.

---

[3]     In his Motion, Petitioner appears to argue all state procedural bars on his claims are excused because he did not have access to his trial court transcripts until late August 2014.  Petitioner's argument is premature, as Respondent has not yet argued Petitioner's claims are procedurally barred.  Rather, Respondent has only argued Claim One's seven sub-claims are *unexhausted*.  Nonetheless, Petitioner's lack of access to his trial court transcripts may be relevant to whether this action should be stayed.  Petitioner's lack of access to the transcripts may constitute "good cause" for a stay of this action under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  A description of the requirements for a Rhines stay can be found in Section II.D. of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

When the California Supreme Court denies a state habeas petition on procedural grounds, and those grounds do not preclude that court's future consideration of the claims involved, the claims are unexhausted. McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986). A California state court's denial of a state habeas petition with citations to In re Swain, 34 Cal.2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995), generally signifies that the petition's claims have not been "alleged with sufficient particularity." Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); see also Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005), reh'g granted, opinion modified, 447 F.3d 1165 (9th Cir. 2006). Because this "deficiency . . . can be cured in a renewed petition," a denial of a state habeas petition with citations to Swain and Duvall suggest the petition's claims have not been exhausted. See Villalobos, 799 F.2d at 1319; see also Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (*en banc*) ("If the denial of the [state] habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.").

However, a state court's holding that a state habeas petition does not state allegations with sufficient particularity does not, by itself, establish the petition's claims are unexhausted. Villalobos, 799 F.2d at 1319. Rather, it is "incumbent" on the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

court to "independently" examine the state habeas petition and determine whether its claims have been "fairly presented" to the state courts. Id. at 1320. If the petitioner "fairly presented" the relevant claims to the state court, the state court's denial is considered a holding on the merits of the claims and the claims are deemed exhausted. Id. "[F]air presentation" requires only that the claims be pleaded with "as much particularity as is practicable." Id.

**B.     Sub-Claims 1(c) and (e) Are Unexhausted**

Here, Sub-Claims 1(c) and (e) are unexhausted. As Respondent argues, Sub-Claims 1(c) and (e) were not raised before the California Supreme Court in either (1) Petitioner's September 18, 2013 Petition for Review on direct appeal (see Lodg. No. 6) or (2) Petitioner's March 14, 2014 state habeas petition in the California Supreme Court (see Lodg. No. 11). Because these two documents were Petitioner's only filings in the California Supreme Court, Sub-Claims 1(c) and (e) are unexhausted.

**C.     Sub-Claims 1(a), (b), (d), (f), and (g) Are Unexhausted**

The remaining five sub-claims of Claim One—namely, Sub-Claims 1(a), (b), (d), (f), and (g)—also appear to be unexhausted. Unlike Sub-Claims 1(c) and (e), Petitioner presented Sub-Claims 1(a), (b), (d), (f), and (g) in his March 14, 2014 state habeas petition in the California Supreme Court. See Lodg. No. 11 at 3-7. However, in its denial of Petitioner's state habeas petition, the California Supreme Court cited People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949).[4] Lodg. No. 12. As noted previously, the Ninth Circuit has held that a state court decision's citations to Duvall and Swain indicate a state habeas petition was denied for failure to state claims with "sufficient particularity," rather than on substantive grounds. Gaston, 417 F.3d at 1039; Villalobos, 799 F.2d at 1319. Hence, the citations to Duvall and Swain

---

[4]     The California Supreme Court's decision also cited In re Dixon, 41 Cal.2d 756, 759 (1953) and In re Lindley, 29 Cal.2d 709, 723 (1947). See Lodg. No. 12. Because these decisions establish state procedural bars inapplicable to ineffective assistance of trial counsel claims, the California Supreme Court's references to these decisions appear to have pertained to the other claims presented in Petitioner's March 14, 2014 state habeas petition. See In re Robbins, 18 Cal. 4th 770, 814 n.34, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998) (holding that the Dixon bar does not apply to ineffective assistance of trial counsel claims); In re Lindley, 29 Cal. 2d 709, 723, 177 P.2d 918 (1947) (setting forth procedural bar on state habeas review specifically for *sufficiency of the evidence claims*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

indicate Sub-Claims 1(a), (b), (d), (f), and (g) are unexhausted.

Moreover, upon "independently" reviewing Petitioner's March 14, 2014 state habeas petition, the Court finds Petitioner did not "fairly present" Sub-Claims 1(a), (b), (d), (f), and (g) to the California Supreme Court. See Villalobos, 799 F.2d at 1319. Rather, the petition only provided vague descriptions of these claims. The Court addresses each sub-claim below in turn.

First, in regard to Sub-Claim 1(a) (*i.e.* trial counsel's failure to impeach Deputy Chavira regarding his inconsistent statement), the state habeas petition merely alleged "my counsel allowe[d] Deputy Chavira to change his testimony at my arra[i]gnment on 8/22/11 and 1/05/12. If my counsel would have [i]mpeach[ed] him at my second [arraignment,] the case would have been drop[ped]." Lodg. No. 11 at 4-5. This allegation did not "fairly present" Sub-Claim 1(a) because it did not specify *how* Deputy Chavira's testimony was susceptible to impeachment.

Second, in regard to Sub-Claim 1(b) (*i.e.* trial counsel's failure to impeach Duran regarding her inconsistent statement), the state habeas petition merely alleged "my counsel did not bring up the fact that the witness Kimberly Duran testified that I was banging on the door her[]self and that prove[d] I was not prying [the] door open." Id. at 5. This allegation did not "fairly present" Sub-Claim 1(b) because it did not specify *how* Duran's testimony was susceptible to impeachment.

Third, in regard to Sub-Claim 1(d) (*i.e.* trial counsel's failure to conduct a pretrial investigation of Petitioner's psychiatric history and failure to present evidence of Petitioner's mental illness), the state habeas petition alleged "my counsel withheld evidence that shows I am [a] mental health patient at L.A. County jail and part of my parole condition was to take mental health medication and go to therapy every month for my mental health condition." Id. at 5. In addition, the petition alleged "[m]y counsel knew I suffer[ed] from mental illness and didn't have me check[ed] to see if I'm fit to stand trial." Id. at 3. These allegations did not "fairly present" Sub-Claim 1(d) for two reasons. First, the allegations did not state Petitioner's trial counsel failed to *investigate* his psychiatric history, as Petitioner claims in Sub-Claim 1(d). Second, whereas Sub-Claim 1(d) of the instant Petition alleges why evidence of Petitioner's mental health was relevant to his defense, the state habeas petition did not specify this. Sub-Claim 1(d) of the instant Petition asserts evidence of Petitioner's mental illness was relevant to the intent element of the crime of conviction. See Pet. at 25. The state petition merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

suggested evidence of Petitioner's mental illness was somehow relevant to his *competency* to stand trial.⁵  In short, the state petition did not specify the basis for Sub-Claim 1(d) to the California Supreme Court.  Hence, the allegations in Petitioner's state habeas petition did not "fairly present" Sub-Claim 1(d) to the California Supreme Court.

Finally, in regard to Sub-Claims 1(f) and (g) (*i.e.* trial counsel's failure to object to instances where the prosecutor misstated the law), the state habeas petition merely alleged "my counsel didn't object to none of the prosecutor['s] misstatements of law." Id. at 3.  This allegation did not "fairly present" Sub-Claims 1(f) and (g) because it did not specify the misstatements of law complained of.

Accordingly, because they were not "fairly presented" to the California Supreme Court, Sub-Claims 1(a), (b), (d), (f), and (g) are unexhausted.

**D.   Petitioner's Options**

Because all seven of Claim One's sub-claims are unexhausted, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition.  However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

**Option 1:**

If Petitioner contends he has in fact exhausted his state court remedies on any of Claim One's sub-claims, he should clearly explain this in a response to this Order.  Petitioner should attach to his response copies of any documents establishing that any of Claim One's sub-claims are indeed exhausted.  (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of this action without

---

⁵     Admittedly, in Sub-Claim 1(d) of the instant Petition, Petitioner also suggests the trial court postponed Petitioner's preliminary hearing over concerns about his competency.  See Pet. at 25-26.  However, the Petition never claims trial counsel's failure to raise Petitioner's mental illness at trial was prejudicial *because* the evidence would have shown he was incompetent to stand trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

### Option 3:

Petitioner may request a voluntary dismissal of only his unexhausted claims (*i.e.* Claim One's seven sub-claims), and elect to proceed on only his exhausted claims (*i.e.* Claims Two and Three). **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claim One's seven sub-claims or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

### Option 4:

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claim One's seven sub-claims in state court earlier; and (b) show that Claim One's seven sub-claims are not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

### Option 5:

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claim One's seven sub-claims and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust Claim One's seven sub-claims. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all of his claims and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claim One's seven sub-claims are exhausted. In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected *no later than April 15, 2015*.

IT IS THEREFORE ORDERED:

1. **By April 15, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**

2. In light of this Order, Respondent's Motion to Dismiss is **DENIED** without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8942-KK | Date | March 25, 2015 |
|---|---|---|---|
| Title | Leroy Willis v. Daniel Paramo | | |

prejudice as moot.